JAMES J. PISANELLI, ESQ.
Nevada Bar No. 4027
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV  89101
Telephone:     (702) 214-2100
Facsimile:      (702) 214-2101
Email: jjp@pisanellibice.com

R. JEFFREY LAYNE, ESQ.
*Admitted Pro Hac Vice*
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX  78701-4255
Telephone:     (512) 474-5201
Facsimile:      (512) 536-4598
Email: jeff.layne@nortonrosefulbright.com

*Attorneys for Defendants HealthSouth Corp.*
*And HealthSouth of Henderson, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, Joshua Luke,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, HEALTHSOUTH OF HENDERSON INC., KENNETH BOWMAN, JERRY GRAY, and JAYA PATEL,<br><br>Defendants. | Case No.: 2:13-cv-01319-APG-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff/Relator Joshua Luke ("Relator"), and Defendants HealthSouth Corporation, HealthSouth of Henderson Inc., Kenneth Bowman, Jerry Gray, and Jaya Patel ("Defendants") (collectively, the "Parties"), through their undersigned counsel and subject to the approval of the Court, that the Parties have reached an agreement on the terms of this Protective Order ("Order"), and the Court being fully advised and for good cause shown, hereby enters the following **ORDER**:

1. The purpose of this Order is to expedite the exchange of discovery material between the Parties; to facilitate the prompt resolution of disputes over confidentiality; to adequately protect material that is entitled to be kept confidential, including but not limited to Protected Health Information ("PHI") governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); to ensure that confidentiality is afforded to all material so entitled; and to prevent the disclosure of materials deemed confidential to persons or entities other than those involved in the prosecution or defense of this action. This Order is necessary to protect the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard business, proprietary, and patient medical information. The Parties understand that it is reasonably anticipated that there may be confidential patient PHI, and other private and commercially-sensitive documents regarding Defendants' business, including but not limited to medical and billing records disclosed in this case. The Parties agree that the disclosure of Confidential Information (as defined below) to the public or individuals not allowed by Paragraph 8 of this Order is not necessary, and that the privacy interests in such Confidential Information substantially outweigh the public's right to access that information. If the Confidential Information were known in the general community, such information could lead to embarrassment, humiliation, injury, and/or unfair business or competitive advantage. Accordingly, good cause exists for the issuance of a protective order.

2. The following terms and conditions shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties (including without limitation any non-party that seeks to intervene or to object to any of the proceedings in this action) in connection with discovery in this action:

    a. "Confidential" shall be construed broadly to include all information, documents and materials that contain information that, if known in the general community, could lead to embarrassment, humiliation, injury, and/or unfair business or competitive advantage;

    b. "Trade Secrets" shall mean those secrets, including the inventions, ideas or compilations, useful formulae, plans, processes, programs, tools, techniques,

mechanisms, compounds, or devices that are not generally known or readily accessible to the public that are represented to be trade secrets and which Defendants take reasonable steps to safeguard from disclosure;

    c. "PHI" shall mean Protected Health Information, as that term is defined within the meaning of 45 C.F.R. § 160.103;

    d. "Confidential Information" shall include all documents that include (1) Trade Secrets, (2) PHI, or (3) other information that is otherwise considered to be Confidential;

    e. "Discovery Material" shall include all material or information produced or received by either party in this action in response to any request for admission, request for production, interrogatory, or at a deposition, or in response to any subpoena to a third party or via informal discovery means (*e.g.*, through the voluntary disclosure by a third party);

    f. "Producing Party" shall mean the party (including a non-party) that is producing Discovery Materials in response to a request for admission, request for production of documents, an interrogatory, in response to a question at a deposition, or in response to a subpoena (or in the case of a third-party subpoena, any party to the action);

    g. "Receiving Party" shall mean the party in receipt of Discovery Materials in response to a request for admission, request for production of documents, an interrogatory, a question at a deposition, or in response to a subpoena.

3. The Parties acknowledge that some of the Discovery Material produced or received in this case may contain PHI. Because it is expected that such information will be exchanged among the Parties, the Parties agree to enter into this Order consistent with the standards of 45 C.F.R. § 164.512(e).

4. Confidential Information, or information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business, competitive, or commercial purpose, and Confidential Information containing PHI shall not

be disclosed to anyone except as provided herein and consistent with HIPAA regulation 45 C.F.R. 164.512(e)(1)(v) governing the use and disclosure of PHI.

5. Any Producing Party or other named Party to this action may designate any Discovery Material as "Confidential" under the terms of this Order and Fed. R. Civ. P. 26(c), if such Party in good faith reasonably believes that such Discovery Material contains Confidential Information.

6. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Party to this action or Producing Party:

    a. In the case of documents or other materials that may include Trade Secrets, PHI (apart from depositions or other pretrial testimony), or other Confidential Information, or any parts thereof: by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the words "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Information unless otherwise indicated by the Producing Party; <u>provided</u> that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order;

    b. Disclosure of Discovery Material by a Party in receipt of documents that are later designated by a Producing Party as Confidential Information shall not be construed as a violation of this Order. Upon notice by a Producing Party that previously produced documents contain Confidential Information, the Receiving Party shall (1) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (2) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (3) take reasonable steps to

    reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order;

  c. In the case of depositions or other pretrial testimony, or any parts thereof: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all Parties within thirty (30) business day after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Information.

  7. All copies of any documents containing Confidential Information shall constitute and be treated as protected under this Order. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each such copy bears the appropriate stamp pursuant to the requirements of this Order. The Parties agree that copies of Confidential Information shall not be made unless the copies bear the appropriate stamp as set forth in this Order. To the extent that Relator has made copies of any Confidential Information in Relator's possession, Relator agrees that he will affix the appropriate confidentiality stamp outlined in this document to such copies.

  8. Discovery Material designated as "Confidential" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  a. Subject to paragraph 9, outside counsel for any Party in this action whose law firm has entered an appearance in this action or any counsel representing the United States or the various named States, including Attorneys General for these parties, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this action for use in accordance with this Order;

  b. Subject to paragraph 9, in-house counsel for any party if such in-house counsel is participating in this action;

c. Subject to Paragraph 9, retained experts or retained consultants assisting counsel in this action and their employees and clerical assistants, provided that such expert or consultant is not currently a direct competitor of any Party to this action as far as can reasonably be determined;

   d. Subject to Paragraph 9, witnesses or deponents (other than those referenced in subparagraph (e)) and their counsel;

   e. The named Parties (including representatives of the United States and the various named States), and present or former directors, officers, employees, or professional members of the named parties, or any subsidiary or affiliate thereof, who are assisting counsel in this action, or who appear as witnesses or deponents;

   f. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

   g. Subject to Paragraph 9, any other person upon order of the Court or stipulation of the counsel to the parties to this action; and

   h. The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

9. Before Confidential Information is disclosed to any person under Paragraphs 8(a), 8(b), 8(c), 8(d), or 8(g), each such person will execute a copy of the form attached as Exhibit A agreeing to be bound by the terms and conditions of this Order subject to the instructions below.

   a. However, the requirements of this paragraph will be satisfied for the purpose of disclosing Confidential Information to any person under Paragraphs 8(a) or 8(b) when designated counsel for each Party executes a copy of the form attached as Exhibit A on behalf of all individuals listed in Paragraphs 8(a) and 8(b) agreeing to be bound by the terms and conditions of this Order;

   b. However, if a witness is to be shown Confidential Information for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the Order and its terms;

    c. Counsel for the Party providing Confidential Information to any person required to execute a copy of the form attached as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

  10. Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party within 14 business days of the production of such document, or such other time as may be agreed, provided that such document contains confidential information of a designating party, in the following manner:

    a. Parties to the action may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the "Confidential" legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number or other sufficient description of the document. Within 14 business days of receipt of such notice, or such other time as may be agreed, any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall either: (1) return to the designating party all copies of such document without a "Confidential" legend in their custody or possession; (2) affix the "Confidential" legend to all copies of such designated document without a "Confidential" legend in their custody or possession; (3) destroy all copies of such designated document without a "Confidential" legend in their custody or possession; or (4) object to the designation of the Discovery Material as "Confidential" pursuant to Paragraph 15 below;

    b. Upon notice of a "Confidential" designation pursuant to this Paragraph, the parties also shall: (1) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (2) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (3) take reasonable steps to

reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

11. If any Party intends to file Confidential Information with the Court, such material must be filed with the Court under seal or in redacted form pursuant to Local Rule IA 10-5 and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The designating party will have the burden to provide the Court with any information necessary to support the filing of Confidential Information under seal. In the event that any such Confidential Information is used in any proceedings by this Court, it shall nonetheless retain its status as Confidential Information.

12. Prior to any dispositive motion hearings and/or trial in this action, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Information to be used at such hearing or trial. Ultimately, the determination of the treatment of Confidential Information at such hearing or trial will be determined by the Court.

13. Entering into, agreeing to or otherwise complying with the terms of this Order and/or producing or receiving Confidential Information shall not:

    a. Constitute an admission or adjudication that any document designated "Confidential" contains or reflects any trade secrets or is otherwise private, confidential, or proprietary information warranting protection;

    b. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery due to an assertion that the requested discovery material is privileged or subject to protection as trial-preparation material;

    c. Prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  e. Shift from the Producing Party the burden of establishing that Discovery Material is Confidential.

 14. This Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose.

 15. If, in connection with this action, a Producing Party inadvertently produces or discloses information subject to a claim of attorney-client privilege, attorney work product protection, the joint defense privilege, and/or other privilege or protection ("Inadvertently Produced Information"), then in accordance with Federal Rule of Evidence 502(b) and (d), the production or disclosure of the Inadvertently Produced Information shall "not operate as a waiver in a Federal or State proceeding[.]" If a receiving Party receives Discovery Materials that obviously appear to be subject to attorney-client privilege, work product doctrine, the joint defense privilege, and/or other applicable privilege, and it is reasonably apparent that the Discovery Materials were provided or made through inadvertence, the receiving Party must refrain from examining the Discovery Materials any more than is necessary to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she possesses Discovery Material that appears to be privileged. The procedure for handling Inadvertently Produced Information shall be as follows:

  a. If a Producing Party notifies a Receiving Party of a claim of Inadvertently Produced Information, within seven (7) days of service of the notice (or such other time as the parties mutually agree or the Court orders), the Receiving Party must return or destroy all copies of the Inadvertently Produced Information and provide a certification of counsel that all such Inadvertently Produced Information has been returned, sequestered, or destroyed. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party "must not use or disclose" the Inadvertently Produced Information "until the claim is resolved" and "must take reasonable steps to retrieve the information if the party disclosed it before being notified";

  b. Within seven (7) days of service of the certification that such Inadvertently Produced Information has been returned, sequestered, or destroyed (or such

        other time as the Parties mutually agree or the Court orders), the Producing Party shall provide with respect to the Inadvertently Produced Information the information required by Federal Rule of Civil Procedure 26(b)(5)(A);

    c. If the Receiving Party disputes the claim of Inadvertently Produced Information, the receiving Party and the Producing Party shall meet and confer in an attempt to resolve the dispute;

    d. In the event that the Parties cannot resolve the dispute, the Receiving Party may, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), promptly move the Court for a determination under seal;

    e. If such a motion is made, the Producing Party shall submit to the Court for in camera review a copy of the Inadvertently Produced Information at the same time it submits its papers in connection with the motion;

    f. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Producing Party must preserve the Inadvertently Produced Information until the claim has been resolved.

16. In the event that any question is asked at a deposition that involves or relates to a document that one Party claims is subject to an applicable privilege or immunity but was inadvertently produced, and another Party disputes the application of any such privilege or immunity, the non-producing Party preserves its right to argue that the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, and the Producing Party preserves its right to argue that such testimony need not be provided on the basis of an applicable privilege or immunity. The failure of a Party at a deposition to challenge the assertion of any privilege, work-product protection, or immunity over any document shall not prejudice the right of such Party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this Protective Order.

17. In the event that additional Parties join or are joined in this action, seek to intervene in this action, or seek to object to any of the proceedings in this action, they shall not have access to

Confidential Information until such Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

18. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order.

19. The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential Information and are responsible for employing reasonable measures to control, consistent with the terms of this Order, the duplication of, access to, and distribution of, Confidential Information.

20. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Information is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Information shall either make a good faith and commercially reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Party that produced it or to destroy all such Confidential Information and confirm that fact to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided, however, that all such documents and information shall remain subject to this Protective Order to the extent they include Confidential Information.

    a. Consistent with 45 C.F.R. § 164.512(e)(1)(v)(B), the Parties, and each entity governed by this Order shall either (i) destroy, or (ii) return to the Producing Party or entity who originally produced it, all PHI, including all copies made. This Paragraph applies to all PHI produced as Confidential Information.

21. During the pendency of this action, any Party objecting to the designation of any Discovery Material or testimony as containing Confidential Information or the application of any provision of this Order may, after first making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision. Such motion shall be filed under seal pursuant to Paragraph 11. While such an application is pending (and during any

appeal therefrom), the Discovery Material or testimony in question shall be treated as Confidential pursuant to this Order. The burden of establishing confidentiality is on the Party that designated the material as Confidential.

22. If any person receiving Discovery Material covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (except as provided by law) give prompt written notice by hand, electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the person or Party who produced or designated the material as "Confidential." The Receiver shall not produce any of this material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of this material, the Receiver shall object to the subpoena or other demand, citing this Order, and thereafter, the Producing Party shall bear the burden of opposing the production of such documents, if the Producing Party deems such opposition appropriate. If, however, the return date of any such demand is less than ten (10) business days from the date the demand was received, written notice of the intent to disclose shall be given to the Producing Party—telephone, and e-mail—to its counsel within 48 hours after receipt. The Receiver shall reasonably cooperate with the Producing Party and not thereafter produce such Confidential Information, except as provided or required by law or pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process. Nothing contained herein shall be construed as requiring any Party or non-party to challenge or appeal any order requiring the production of Confidential Information, or to subject itself to any penalties stemming from noncompliance with a legal process or order, or to seek any relief from this Court.

23. Nothing in this Order shall preclude any Party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

24. Notwithstanding other language set forth above, the Parties to this action agree that Defendants reserve their right to assert the proprietary, confidential, and/or privileged nature of any document produced by Relator or obtained by Relator during his employment with Defendants within a reasonable time of reviewing them.

25. The Parties to this action agree that the production of any Discovery Material by any non-party to this action shall be subject to and governed by the terms of this Order.

26. Any Producing Party may apply, upon reasonable expedited notice, to amend this Order. Any such application shall be served upon the other party or, if the Producing Party is a non-party to the action, to the Parties to the action, who shall have ten (10) business days following receipt of service to respond to any such application. Any such amendment shall only be final upon the agreement of all Parties and the approval of the Court.

27. Neither this Order nor any Party's or non-party's designation of Discovery Material as "Confidential" shall affect the admissibility into evidence of the Discovery Material so designated. The Parties further agree that the designation of Discovery Material as "Confidential" does not itself have any relevance to any issue to be determined in this action.

28. The rights and obligations contained herein shall survive the conclusion of the action and shall survive the return and/or destruction of all Confidential Information.

29. This Order may be executed by facsimile or electronic signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

DATED this 20th day of October, 2017.

| | |
|---|---|
| THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER | PISANELLI BICE, PLLC |
| */s/ Craig Delk* | */s/ James Pisanelli* |
| CRAIG R. DELK, ESQ.<br>Nevada Bar No. 2295<br>1100 E. Bridger Avenue<br>Las Vegas, NV 89101 | JAMES J. PISANELLI ESQ.<br>Nevada Bar No. 4027<br>400 S. 7th Street, Suite 300<br>Las Vegas, NV 89101 |
| *Attorneys for Plaintiff-Relator Joshua Luke* | NORTON ROSE FULBRIGHT US LLP |
| | */s/ R. Jeffrey Layne* |
| | R. JEFFREY LAYNE, ESQ.<br>*Admitted pro hac vice*<br>98 San Jacinto Blvd., Suite 1100<br>Austin, TX 78701-4255 |
| | *Attorneys for Defendants HealthSouth Corp. And HealthSouth of Henderson, Inc.* |
| | BRADLEY ARANT BOULT CUMMINGS LLP |
| | */s/ Kimberly Bessiere Martin* |
| | KIMBERLY BESSIERE MARTIN, ESQ.<br>200 Clinton Avenue West, Suite 900<br>Huntsville, AL 35801 |
| | *Attorneys for Defendants Jaya Patel, Kenneth Bowman, and Jerry Gray* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED MAGISTRATE JUDGE

DATED: October 23, 2017

CASE NO.: 2:13-cv-01319-APG-VCF

14

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, Joshua Luke,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, HEALTHSOUTH OF HENDERSON INC., KENNETH BOWMAN, JERRY GRAY, and JAYA PATEL,<br><br>Defendants. | Case No.: 2:13-cv-01319-APG-VCF<br><br>**STIPULATED DISCOVERY PROTECTIVE ORDER** |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Name: _____

Company/Firm Affiliation: _____

Address: _____

I hereby certify that I have read the attached Stipulated Protective Order ("Protective Order") entered in the above-referenced action and agree to be bound by its terms. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge that I cannot use any of the Confidential Information that are the subject of this Protective Order for any other purpose except this action and the preparation and trial in this action, or any related appellate proceedings, and not for any other purpose whatsoever. I will employ reasonable measures to control duplication of, access to, and distribution of Confidential Information, as defined in the Protective Order, and I will not make Confidential Information available to or discuss them with, any person or persons not entitled to receive the materials under this Order.

15

Further, I understand and agree that damages for violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief.

In addition, I agree that the United States District Court for the District of Nevada has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____    _____
Signature                                             Date