# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSHUA LUKE, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHSOUTH CORPORATION, et al., <br><br> Defendants. | Case No. 2:13-cv-01319-APG-VCF <br><br> **ORDER GRANTING (1) MOTION FOR CLARIFICATION, (2) MOTION TO FILE REPLY, AND (3) MOTION FOR LEAVE TO FILE SUR-REPLY** <br><br> (ECF Nos. 88, 96, 98) |

Relator Joshua Luke moves for clarification of Magistrate Judge Ferenbach's order disqualifying the law firm Troutman Sanders LLP as his counsel in this case. ECF No. 88.[1] Luke seeks clarification as to whether the disqualification will apply to attorney Merril Hirsh once Hirsh leaves the Troutman firm on November 1, 2017. Luke also moves for leave to file a reply in support of his objections to Magistrate Judge Ferenbach's order disqualifying Troutman. The defendants move for leave to file a sur-reply to the motion for clarification.

**A. Clarification**

As an initial matter, I reject the defendants' argument that once Luke objected to the Magistrate Judge's disqualification order, the Magistrate Judge lost "jurisdiction" to consider the motion for clarification. The Magistrate Judge is a part of this court and this court has subject matter jurisdiction over this case. Whether to refer matters to the Magistrate Judge is governed by 28 U.S.C. § 636, the practice of this court, and my discretion in particular cases. It is not "jurisdictional." That being said, in the interests of judicial efficiency, I will address the motion for clarification rather than refer it to Magistrate Judge Ferenbach.

Courts should subject disqualification motions to "particularly strict judicial scrutiny" due to the possibility that disqualification motions may be used for tactical advantage and "to harass

---

[1] I will address the motion to stay (also contained within ECF No. 88) and the objections (ECF No. 87) by separate order.

opposing counsel." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1349 (9th Cir. 1988) (quotations omitted); *see also Brown v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 14 P.3d 1266, 1270 (Nev. 2000) (en banc) (stating "parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay"). In deciding whether to disqualify an attorney, I must balance the competing interests of Luke's right to be represented by counsel of his choice, Healthsouth's "right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice." *Brown*, 14 P.3d at 1269-70. I generally should resolve doubts in favor of disqualification. *Id.* at 1270.

"To prevail on a motion to disqualify opposing counsel, the moving party must first establish "at least a reasonable possibility that some specifically identifiable impropriety did in fact occur." *Id.* (quotation omitted). The moving party "then must also establish that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." *Id.* (quotation omitted).

As an attorney appearing pro hac vice in this district, Hirsh is bound by the Nevada Rules of Professional Conduct. LR IA 11-7 ("An attorney admitted to practice under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court."). Under Nevada Rule of Professional Conduct 1.7, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest," unless (among other things) each affected client consents. A concurrent conflict exists if "[t]he representation of one client will be directly adverse to another client," or "[t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Nev. R. Prof. Conduct 1.7(a). Under Rule 1.10(a), "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2 . . . ."

Here, Troutman represented Luke in this action against Healthsouth while at the same time two of Troutman's lawyers engaged in lobbying on Healthsouth's behalf in Georgia. Assuming this qualifies as a concurrent conflict,[2] the defendants have not shown that the likelihood of public suspicion or obloquy outweighs the social interests in Hirsh's continued participation in the case now that he is no longer associated with Troutman. *See* ECF No. 101 (notice that Hirsh has left Troutman).

I reject the defendants' position that a Rule 1.7 violation results in automatic disqualification regardless of the circumstances. The Ninth Circuit reviews a district court's ruling on disqualification for an abuse of discretion because the district court has "the primary responsibility for controlling the conduct of lawyers practicing before [it]." *Unified Sewerage Agency of Washington Cty., Or. v. Jelco Inc.*, 646 F.2d 1339, 1351 (9th Cir. 1981). Given this discretionary standard, "the better rule is to consider the facts and circumstances of each case, including the particulars of the ethical violation itself, in determining whether the harsh sanction of disqualification is warranted." *Research Corp. Techs. v. Hewlett-Packard Co.*, 936 F. Supp. 697, 701-03 (D. Ariz. 1996) (citing cases where courts have concluded a concurrent conflict does not automatically result in disqualification).

There is no evidence that the two lawyers who lobbied for Healthsouth in Georgia have a connection to this lawsuit. Hirsh (who works out of Troutman's Washington, D.C. office) never lobbied on Healthsouth's behalf. There is no evidence Hirsh received confidential Healthsouth information arising out of the lobbying in Georgia and Hirsh denies under penalty of perjury that he did. ECF No. 88-3 at 1-2; *see also* ECF Nos. 88-2 (declaration of Kevin Kieffer also denying he received confidential information from the lobbying); 88-5 (same in declaration of Lauren Grochow); 88-6 (same in declaration of Candice Shang). Thus, Hirsh's representation of Luke in this case is impacted only because of the imputed conflict arising out of Rule 1.10(a) as a lawyer associated in the same firm with other lawyers who lobbied on Healthsouth's behalf in Georgia.

---

[2] The parties dispute whether Troutman and its attorneys have a conflict at all. Troutman contends the lobbying arrangement did not give rise to an attorney-client relationship and thus there was no concurrent conflict. I will address that issue by separate order.

Once that association ends, there is no prejudice to Healthsouth if Hirsh continues to represent Luke.

In contrast, Luke would be prejudiced by the disqualification of his lawyer of choice. Hirsh has been representing Luke in this matter since 2013 and has been extensively involved in working with Luke and preparing the case. ECF No. 88-3 at 1. This case has been pending for several years while the United States considered whether to intervene. The interests of justice favor keeping experienced and knowledgeable counsel on the case rather than potentially delaying the case further while new counsel gets up to speed.

I therefore grant the motion for clarification. Now that Hirsh has left the Troutman firm, he is no longer disqualified from representing Luke in this case.

**B. Motion for Leave to File Reply**

Luke has objected to Magistrate Judge Ferenbach's disqualification order. Under Local Rule IB 3-1(a), a reply is allowed only with leave of the court. Luke moves for leave to file a reply, and I grant that motion. In doing so, I will also consider the arguments the defendants raise in their opposition. ECF No. 100.

**C. Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's motion to clarify **(ECF No. 88) is GRANTED**. Attorney Merril Hirsh is no longer disqualified from representing plaintiff Joshua Luke because Hirsh left the Troutman firm on November 1, 2017. The portion of ECF No. 88 related to the motion to stay remains pending and will be addressed by separate order.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a reply **(ECF No. 96) is GRANTED**.

IT IS FURTHER ORDERED that the defendants' motion for leave to file sur-reply **(ECF No. 98) is GRANTED**.

DATED this 10th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE