| | |
|---|---|
| Philip Goodhart (Bar No. 5332)<br>PNG@thorndal.com<br>THORNDAL, ARMSTRONG, DELK<br>BALKENBUSH & EISINGER<br>1100 E. Bridger Avenue<br>Las Vegas, NV 89101<br>Telephone: 702.366.0622<br>Facsimile: 702.366.0327 | James J. Pisanelli, Esq.<br>Nevada Bar No. 4027<br>PISANELLI BICE, PLLC<br>400 S. 7th Street, Suite 300<br>Las Vegas, NV 89101<br>Telephone: (702) 214-2100<br>Facsimile: (702) 214-2101<br>Email: jjp@pisanellibice.com |
| Merril Hirsh (admitted *pro hac vice*)<br>merril@merrilhirsh.com<br>LAW OFFICE OF MERRIL HIRSH PLLC<br>2837 Northampton St., NW<br>Washington, D.C. 20015<br>Telephone: 202.448.9020 | R. Jeffrey Layne, Esq. (admitted *pro hac vice*)<br>REED SMITH LLP<br>111 Congress Avenue, Suite 400<br>Austin, TX 78701<br>Telephone: (512) 623-1801<br>Facsimile: (512) 623-1802<br>Email: jlayne@reedsmith.com |
| Frederick J. Morgan (admitted *pro hac vice*)<br>rmorgan@morganverkamp.com<br>Jennifer M. Verkamp (admitted *pro hac vice*)<br>jverkamp@morganverkamp.com<br>Sonya A. Rao (admitted *pro hac vice*)<br>sonya.rao@morganverkamp.com<br>Ian M. Doig (admitted *pro hac vice*)<br>ian.doig@morganverkamp.com<br>MORGAN VERKAMP LLC<br>35 East Seventh Street, Suite 600<br>Cincinnati, OH 45202<br>Telephone: 513.651.4400<br>Facsimile: 513.651.4405 | *Attorneys for Defendants HealthSouth Corp.*<br>*And HealthSouth of Henderson, Inc.*<br><br>Jack W. Selden (admitted *pro hac vice*)<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Kimberly B. Martin (admitted *pro hac vice*)<br>BRADLEY ARANT BOLT CUMMINGS LLP<br>200 Clinton Avenue West, Suite 900<br>Huntsville, AL 35801<br><br>*Attorneys for Defendant Kenneth Bowman* |

*Attorneys for Plaintiff-Relator Joshua Luke*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, Joshua Luke,<br><br>        Plaintiff,<br>v.<br><br>HEALTHSOUTH CORPORATION, HEALTHSOUTH OF HENDERSON, INC. and KENNETH BOWMAN,<br><br>        Defendants. | Case No.: 2:13-cv-01319-APG-VCF<br><br>**ORDER APPOINTING DAVID M. TENNER AS SPECIAL MASTER** |

Having considered the factors set forth in F.R.C.P. 53(a)(3), the parties' Joint Stipulation Concerning the Appointment of a Special Master (Doc. 189), and having given the parties notice and

an opportunity to be heard, the Court hereby appoints David M. Tenner of Ridley, McGreevy, & Winocur, P.C., 303 16th Street, Suite 200, Denver, Colorado, 80203, (303) 629-9700, as Special Master in this matter.

1. <u>Authority for and Scope of Appointment</u>. The Special Master is appointed pursuant to F.R.C.P. 53(a)(1)(C) to resolve certain issues related to or arising out of discovery disputes concerning matters that the Court, pursuant to F.R.C.P. 53(a)(1)(C), finds cannot be effectively and timely addressed by the Court and so orders. In addition, the Special Master may perform any additional duties consented to by the parties and Court pursuant to F.R.C.P. 53(a)(1)(A).

    (a) <u>Specific Issues Within Scope</u>. The Court specifically orders that the Special Master shall resolve the disputes concerning the scope of discovery (as set forth in Doc. Nos. 180, 181, and 192, which incorporate the parties' positions set forth in Doc. Nos. 161, 162, and 163) and new case deadlines (as set forth in Doc. 179). Pursuant to F.R.C.P. 53(a)(1)(C), the Court finds that these matters cannot be effectively and timely addressed by the Court.

2. <u>Special Master's Duties and Authority</u>. The Special Master shall proceed with all reasonable diligence to undertake these responsibilities with a view to avoiding disputes wherever possible and where disputes arise, to resolve them as quickly and inexpensively as possible. The Special Master shall have all of the authority provided to masters as set forth in F.R.C.P. 53(c), including the power to sanction as set forth in F.R.C.P. 53(c)(2).

    (a) <u>Timeframes for Completion of Certain Events</u>: Unless otherwise agreed to by the parties and the Special Master, the parties shall have an initial meeting with the Special Master, by telephone, within 14 days of the issuance of this Order. During that initial meeting, the parties and the Special Master shall (1) set a date for an evidentiary hearing concerning the issues set forth in paragraph 1(a) of this Order; and (2) the parameters and procedures concerning the aforementioned hearing. The Special Master shall issue his order and findings within 30 days of the completion of the hearing.

3. *Ex Parte* Communications.

(a) <u>With the Court</u>. The Special Master may have *ex parte* communications with the Court regarding (1) whether or not a particular dispute or motion is subject to the scope of the Special Master's duties; (2) assisting the Court with procedural matters, such as apprising the Court regarding logistics, the nature of the Special Master's activities, and management of the litigation; (3) any matter upon which the parties or their counsel have consented; (4) the application of F.R.C.P. 53; and (5) any matter, the subject of which is initiated by the Court.

(b) <u>With the Parties and Counsel</u>. The Special Master may have *ex parte* communications with the parties or their respective counsel regarding (1) purely procedural or scheduling matters; (2) resolution of privilege or similar questions, in connection with *in camera* inspections, and with notice to the other parties; and (3) any matter upon which the parties or their counsel have consented.

4. <u>Material to be Preserved and Filed as the Record of the Special Master's Activities</u>. All orders of the Special Master shall be filed with the Court, unless the parties or their counsel have agreed otherwise. It shall be the duty of the parties and counsel, not the Special Master, to provide for any record of proceedings with the Special Master. The Special Master shall not be responsible for maintaining any records of the Special Master's activities other than billing records. In the event of any hearing where evidence is taken, it shall be the duty of the parties and counsel to preserve any exhibits tendered or rejected at the hearing and to provide the Special Master with a copy of all transcripts.

5. <u>Review of Special Master's Reports, Orders or Recommendations</u>. Subject to the provisions of F.R.C.P. 53(f), any report or order of the Special Master is effective upon its issuance. Any objection to any report, order or recommendation of the Special Master shall be made in writing by the objecting party and filed with the Court within 7 days of the date of the order, report or recommendation to which the party is objecting. Review of the Special Master's order, report or recommendation shall be governed by F.R.C.P. 53(f)(3).

6. <u>Compensation</u>.  The Special Master shall be compensated at $400/hour (except that time in travel shall be compensated at $200/hour) and shall be reimbursed for all reasonable expenses and costs incurred in the performance of his duties.  These fees and costs shall be paid ½ by the Plaintiff, and ½ by the Defendants, although the Special Master has the power to adjust the division of fees and costs in his discretion based on the merits of the matter before him.  The Special Master shall bill the parties on a monthly basis for fees and disbursements, with invoices that provide sufficient description to understand the work performed.  The parties shall promptly pay the Special Master directly, upon receipt of the Special Master's invoice. The fees and costs may be reallocated by the Court in its discretion at the conclusion of the case.  Upon the failure of a party to timely pay the Special Master's fees, the Court may enter judgment in favor of the Special Master and against the non-paying party.

7. <u>Special Master's Affidavit</u>.  The Special Master's Affidavit required by F.R.C.P. 53(b)(3)(A) has been executed and filed.

**IT IS SO ORDERED:**

_____
THE HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE
5-22-2019
Dated: _____

4