# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.*, JOSHUA LUKE<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, et al.,<br><br>Defendants. | Case No. 2:13-cv-01319-APG-VCF<br><br>SPECIAL MASTER'S ORDER RE: Plaintiff's Motion to Compel [ECF 161] and Joint Proposed Revised Scheduling Order [ECF 179] |

This matter is before the Court pursuant to Plaintiff-Relator's Motion to Compel filed January 20, 2019 [ECF 161], Defendants' Response to the Motion filed February 4, 2019 [ECF 162], Plaintiff-Relator's Reply in support of the Motion filed February 11, 2019 [ECF 163], Plaintiff-Relator's Position Regarding Scope of Discovery [ECF 181], and Defendants' Separate Statement Regarding the Motion to Compel [ECF 180].

The undersigned was appointed as the Special Master to address the Motion to Compel, and new case deadlines to be incorporated into Revised Scheduling Order [ECF 179], by the Court's Order of Appointment dated May 22, 2019 [ECF 198]. A hearing on the Motion was held before the Special Master on July 10, 2019 at Polsinelli Bice, 400 S. 7th St., #300, Las Vegas, NV 89101. Ms. Rao, Mr. Morgan, Mr. Doig and Mr. Hirsch (by phone) appeared on behalf of the Plaintiff/Relator, Dr. Luke, who also appeared at the hearing. Mr. Sanders, Mr. Hyung and Mr. Layne (by phone) appeared on behalf of the Defendants HealthSouth Corporation (now known as Encompass Health Corporation ("HealthSouth") and HealthSouth Rehabilitation Hospital of Henderson, LLC ("HealthSouth Henderson"). Ms. Martin appeared on behalf of Defendant Bowman.

Pursuant to the pleadings, the evidence and arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and Orders as follows:

Plaintiff-Relator served his Second Set of Requests for Production to Defendants HealthSouth and HealthSouth Henderson on September 11, 2018 [ECF 161-2]. Defendants filed their Response and Objections to the Requests on October 19, 2018 [ECF 161-3]. The Response and Objections raised the following issues concerning the scope of discovery to be resolved by the Court: 1) Whether or not responses concerning HealthSouth's inpatient rehabilitation facilities other than HealthSouth Henderson should be permitted ("the facilities limitation"), 2) Whether the relevant time period set forth by Plaintiff-Relator in the discovery was overly broad ('the time period limitation"), 3) Whether search terms used by Defendants in responding to the discovery should be modified, 4) Whether Defendants have identified proper custodian of records for its record search, and 5) Whether Defendants have produced a privilege log for documents withheld from production.

In addition, Defendants raised general and specific objections in their responses to Plaintiff's discovery requests.

The hearing was transcribed and the Court's rulings were made orally at the hearing. This Order memorializes those rulings, which were made effective as of the date of the hearing, July 10, 2019.

For the reasons stated at the hearing, all of the general and specific objections to Plaintiff's Requests for Production of Documents are overruled, with the exception of those objections sustained below.

<u>Facilities Limitation</u>

In many of Plaintiff's Requests, Plaintiff seeks information from all of HealthSouth's 127 inpatient rehabilitation facilities (IRFs). In his briefing and at the hearing, Plaintiff limited the Request to IRFs 1) in the West Region, 2) in facilities whose FIM practices have known to have been audited, and 3) the Van Matre facility where Defendant Bowman worked after leaving the Henderson facility. Defendants argued that the facilities should be limited to the IRFs in the West Region.

At the outset, I agree with Defendant's contention that the Amended Complaint is limited to claims related to FIM rating conduct that occurred at the Henderson Facility, not other facilities. The Amended Complaint cannot fairly be read to complain about conduct at other facilities. See Amended Complaint, fn. 2 (". . . HealthSouth Rehabilitation Hospital of Henderson, LLC is a related entity that shares the same registered agent information as HealthSouth of Henderson, Inc. . . . both refer to the rehabilitation hospital located in Henderson, Nevada, where Defendant Bowman was once Chief Executive Officer and **where the conduct alleged in this complaint occurred.**") (emphasis added). However, as the Court has previously ruled, conduct at other facilities can be relevant in determining if Defendants' FIM practices at Henderson were proper. See Judge Gordon's June 28, 2018 Order, at p. 18 ("Documents from related entities other than Henderson (including emails about practices at those facilities) may be relevant because Luke alleges Henderson was an outlier among HealthSouth entities. Thus, information about other facilities may show contrasts between Henderson and other HealthSouth facilities.")

Having considered the testimony presented at the hearing, the exhibits presented at the hearing and the arguments of counsel, and having considered the factors set forth in F.R.C.P. 26(b)(1), and for the reasons set forth more fully at the hearing, I find that the appropriate scope of discovery with respect to HealthSouth IRF facilities are the facilities in the West Region and the facilities whose FIM practices have known to have been audited. These facilities are:

Henderson
Las Vegas
Valley of the Sun
Scottsdale
Tucson
Southern Arizona
Yuma
Mesa
Bakersfield
Tustin
Colorado Springs
Littleton
Albuquerque
Desert Canyon
Utah

Toms River
Humble (Texas Region)
Southern Hills
Ft. Worth
North Houston
Sarasota
Puerto Rico/San Juan
Rehab West
Reading
Western Hills
Univ. of VA

Defendants argue that audited facilities have little or no relevance to the claims. I disagree. Knowledge learned by HealthSouth as a result of audits of FIM practices at other facilities would be relevant to whether or not HealthSouth had the relevant knowledge or scienter for liability in this case. See 31 U.S.C. §3729(b)(1)(A) (scienter requirement means defendant 1) had actual knowledge of the information, 2) acts in deliberate ignorance of the truth or falsity of the information, or 3) acts in reckless disregard of the truth or falsity of the information.

For purposes of this Order, the facilities listed above are referred to as the "Facilities Limitation."

Time Limitation

In Plaintiff's Requests, he defines the Relevant Time Period as January 1, 2007 through the date of the responses. Defendants object to the definition as overly broad and nor proportional to the needs of the case. In part, I agree. While the acts alleged in the Amended Complaint begin in 2008, I believe it is appropriate to look at evidence a year prior to assist in understanding what happened in 2008. However, information concerning conduct occurring today, as a general rule, would be overly broad and disproportionate to the needs of the case. The relevant time period should conclude when Defendants received notice of suit when the suit was unsealed; May 9, 2017.

Having considered the testimony presented at the hearing, the exhibits presented at the hearing and the arguments of counsel, and having considered the factors set forth in F.R.C.P. 26(b)(1), and for the reasons set forth more fully at the hearing, I find that, unless otherwise noted, the relevant time period for the Requests as set forth below is January 1, 2007 through May 9, 2017.

For purposes of this Order, the relevant time period listed above is referred to as the "Time Limitation."

Privilege Log

Although Defendants' counsel stated at the February 27, 2019 hearing before Magistrate Judge Ferenbach that they would be providing their privilege log "momentarily" (Hearing Transcript, p. 33, line 15), they have yet to provide the log. Defendants are ordered to provide Plaintiff with a privilege log that complies with the requirements of F.R.C.P. 26(b)(5) on or before July 24, 2019. Defendants shall supplement the log contemporaneously with any further production of documents.

Custodians

The parties disagree concerning the proper custodians to be contacted for document production. I believe the dispute misses the point. I decline to state that a particular custodian should or should not be included in any document retrieval by Defendants. Rather, it is Defendants' responsibility to ensure that it contacts all persons with knowledge relevant to each of Plaintiff's Requests. What custodians were contacted and why will be the subject of deposition testimony. See Order re- Rule 30(b)(60 below. To lessen the chance of any potential disputes concerning proper custodians, counsel are ordered to meet and confer on a regular basis concerning proper custodians. If Plaintiff believes a custodian should have been contacted and was not, that can be the proper subject of questioning at the Rule 30(b)(6) deposition.

Search terms

With the limited exceptions noted below, I also decline to rule that any particular search terms be used. To lessen the chance of any potential disputes concerning proper search terms, counsel are ordered to meet and confer on a regular basis concerning this issue. If Plaintiffs believe search terms should have been used and were not, that can be the proper subject of questioning at the Rule 30(b)(6) deposition. Subject to the foregoing, the following search terms should be used:

5

FIM* instead of FIM. Admit* instead of Admit. Admis* instead of Admission. In addition, when relevant to the Request, the following terms used in the Amended Complaint should be included: gurney*, wheelchair*, bath* and shower*.

The meet and confer requirement set forth in the preceding two sections shall include not only the lawyers working on the case, but the technical people doing the work, such as Danielle Stewart and Chris Atkins. To the extent Plaintiff's counsel has not yet hired individuals to perform similar technical roles (e-discovery manager, solutions architect, data collection) they are required to hire sufficient personnel to met and confer regarding technical search and data collection issues.

Rule 30(b)(6) Deposition of Defendant HealthSouth

On or before September 10, 2019, Plaintiff's shall be entitled to take the deposition of Defendant HealthSouth Corporation concerning the processes and procedures used by HealthSouth in responding to Plaintiff's Second Set of Request for Production. The deposition is limited to one day (7 hours of testimony) and shall not count toward any deposition limits in this case.

Objections Raised in Defendants' Response to Plaintiff's Requests

General objections. With the exception of the Facilities Limitation and the Time Limitation, all of the objections are overruled.

Request No. 1. Defendants' objections are overruled.

Request No. 2. Defendants' objection that the Request is overly broad is sustained.

Request No. 3. Defendants' objection that the Request is overly broad is sustained.

Request No. 4. Defendants' objections are sustained, with the exception of personnel files for the following: Donna Rolshouse, Robert Bollard, Kenneth Bowman, Linda Burndo, Barbara Feth, Jerry Gray, Jaya Patel, and any employee or former employee that is deposed. If documents are withheld from the file, those documents shall be identified in a log provided to Plaintiff's counsel.

Request No. 5. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 6. Defendants' objections that the Request is overly broad and not proportionate to the needs of the case is sustained with respect to subsections B and C and overruled with respect to subsection A, subject to the Facilities Limitation and the Time Limitation.

Request No. 7. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 8. Subject to the Time Limitation, Defendants objections are overruled.

Request No. 9. Subject to the Time Limitation, Defendants objections are overruled.

Request No. 10, 11 and 12 are withdrawn pursuant to the agreement of the Plaintiff.

Request No. 13. This request is no longer qualified by Defendants' responses to Requests No. 10, 11 and 12, which have been withdrawn. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 14. Subject to the Time Limitation, Defendants objections are overruled.

Request No. 15. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 16. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 17. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 18. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 19. Defendants' concerns about patient information and HIPAA are already adequately addressed by the Protective Order entered in this case. Subject to the Facilities Limitations, all responsive documents should be produced from January 1, 2017 through December 31, 2017.

Request No. 20. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 21. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 22. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 23. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 24 (modified to refer to "Utilization Review Meetings") Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 25. Subject to the Time Limitation, Defendants' objections are overruled.

Request No. 26. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 27. Subject to the Facilities Limitation and the Time Limitation, Defendants' objections are overruled.

Request No. 28. This request is withdrawn by agreement of the Plaintiff.

Request No. 29. Plaintiff shall produce responsive document retention policies from January 10, 2010 through whenever Defendant HealthSouth placed a litigation hold in this case. Defendants' remaining objections are overruled.

Request No. 30. Plaintiff shall produce responsive document retention policies from January 10, 2010 through whenever Defendant HealthSouth Henderson placed a litigation hold in this case. Defendants' remaining objections are overruled.

Request No. 31. Subject to the Facilities Limitation, Plaintiff shall produce responsive agreements from January 10, 2008 through the expiration of the last corporate integrity agreement.

Request No. 32. Subject to the Facilities Limitation, Plaintiff shall produce responsive agreements from January 10, 2008 through the expiration of the last corporate integrity agreement.

All responsive documents shall be produced on or before August 20, 2019.

Revised Scheduling Order

The parties are directed to file a Stipulated Revised Scheduling Order or in the absence of a Stipulated Order a Status Report on or before September 10, 2019.

Dated July 19, 2019, *nunc pro tunc* July 10, 2019.

BY THE COURT

_____
DAVID M. TENNER
SPECIAL MASTER