**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSHUA LUKE,<br><br>            Plaintiff,<br><br>     v.<br><br>HEALTHSOUTH CORPORATION, et al.,<br><br>            Defendants. | Case No. 2:13-cv-01319-APG-VCF<br><br>**ORDER GRANTING IN PART OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>(ECF No. 255) |

Magistrate Judge Ferenbach awarded the relator's former counsel Troutman Sanders LLP $200,688.73 in attorneys' fees. ECF No. 253.  Defendant HealthSouth objects to that decision, arguing that Troutman should recover no fees because the law firm engaged in an impermissible conflict of interest representing HealthSouth while at the same time suing it. ECF No. 255.  In the alternative, HealthSouth argues that Troutman's fees should be reduced because Judge Ferenbach included post-conflict fees he meant to exclude.  Troutman responds that it is entitled to recover its pre-conflict fees and acknowledges that Judge Ferenbach's fee award is too high because it includes some post-conflict fees. ECF No. 257.

I have conducted a *de novo* review of the fee motion and related papers as required by Local Rule IB 3-2(b).  I agree with and adopt Judge Ferenbach's legal and factual analyses, as modified below.

Judge Ferenbach found that:

> Troutman's representation of both the relator and HealthSouth on and after February 22, 2017 is a conflict that requires disgorgement of fees once conflict arose, and Troutman is not entitled to any fees or costs for work on or after February 22, 2017.  Troutman earned fees while acting ethically from 2013 to 2017 prior to

the conflict, and the Court finds that Troutman is entitled to reasonable fees for that time period.  The Court exercises its discretion and reduces the total lodestar an additional eight percent, on top of Troutman's voluntary ten percent, to deter future improprieties.

ECF No. 253 at 6:13-15.  I agree and adopt this finding.  Judge Ferenbach then correctly determined the hourly rates to use for the lodestar. *Id.* at 8-9.  But as both parties acknowledge, he inadvertently included some post-conflict hours that should have been excluded from his calculation.  I calculate the lodestar as follows:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Paralegals and Librarians | $150[1] | 1.5[2] | $225 |
| Nick Harper | $175 | 9.0 | $1,575 |
| Paddy Browne | $285 | 27.8 | $7,923 |
| Natalie Sacha | $350 | 109.5 | $38,325 |
| Thomas Prouty | $425 | 33.2 | $14,110 |
| Jeremy Burnette | $375 | 15.9 | $5,963 |
| Daniel Streeter | $520 | 1.4 | $728 |
| Kevin Kieffer | $595 | 136.8 | $81,396 |
| Bryan Lavine | $600 | 38.2 | $22,920 |
| Merril Hirsh | $710 | 21.1 | $14,981 |
| **Total** | | **394.4** | **$188,146** |

Applying Judge Ferenbach's total 18% reduction (which I find appropriate here) yields a fee award of $154,279.72.  Given the circumstances of this case, that is a reasonable amount.

I HEREBY ORDER that Magistrate Judge Ferenbach's Order (ECF No. 253) is affirmed as modified above, and HealthSouth's objection **(ECF No. 255) is granted part**.  Troutman is awarded $154,279.72 in attorneys' fees.

DATED this 19th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Troutman's calculation in its response used its original rates, rather than the rates determined to be appropriate by Magistrate Judge Ferenbach. *Compare* ECF No. 257 at 8 *with* ECF No. 253 at 8-9.

[2] HealthSouth's calculation excluded .7 hours of paralegal time. ECF No. 255 at 9.